UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HAROLD HOLLOW HORN,<br><br>               Plaintiff,<br><br>  vs.<br><br>FIRSTCOMP INSURANCE COMPANY,<br><br>               Defendant. | CIV. 17-5016-JLV<br><br>ORDER |

      Defendant Firstcomp Insurance Company filed a motion to dismiss plaintiff Harold Hollow Horn's complaint. (Docket 13). Defendant recently filed a motion to stay discovery pending the court's resolution of its potentially dispositive motion to dismiss. (Docket 20). Plaintiff opposes both motions. (Dockets 16 & 23). The parties have fully briefed the motions. (Dockets 19 & 24).

      "A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 16(b), (c); 26(b); 42(b)). "Under Rule 26(c) of the Federal Rules of Civil Procedure, a party may move the court for a protective order staying discovery. A court may only issue such an order, however, upon the movant's showing of good cause, including to avoid undue burden or expense." TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., Civil No. 13-1356, 2013 WL 4487505, at *1 (D.

Minn. Aug. 20, 2013) (citations omitted). The court "may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)." Johnson v. New York Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

"[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Id. (citations and internal quotation marks omitted); see also Vivid Techs., Inc., 200 F.3d 795 at 803-04 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); 8 Charles Alan Wright & Richard L. Marcus, Federal Practice & Procedure § 2040, at 521 (2d ed. 1994)). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del.1979)).

Defendant's motion to dismiss is potentially dispositive and does not appear to be "without foundation in law." Johnson, 205 F.R.D. at 434. Plaintiff has not sufficiently demonstrated prejudice resulting from the court granting a stay of discovery pending its resolution of defendant's motion to dismiss. The court finds it is an appropriate use of discretion to stay discovery. Good cause appearing, it is

ORDERED that defendant's motion to stay discovery (Docket 20) is granted. Discovery is stayed pending resolution of defendant's motion to dismiss. (Docket 13). Depending on the outcome of the motion to dismiss, the court may enter a new scheduling order.

Dated November 2, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE